IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP -2 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 11-cv-02014-BNB

STEVEN L. HARVEY, In Propria Persona Sui Juris,
    Imam Abdullah/Al Rasheed-Imam Muhammad M. Abdullah- E/Imam E/Al
Rasheed-Dhul Habeed Al Rasheed - El Haqqa-al-Ahzab-a/vicegerence-Sheik of
The Mooroonia American Nation al-Ahzab Al-Saffat,

    Applicant,

v.

THE PEOPLE OF THE STATE OF COLORADO,
JEFFERSON COUNTY DETENTION FACILITY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Steven L. Harvey, currently is incarcerated at the Jefferson County Detention Facility in Golden, Colorado. Mr. Harvey, acting *pro se*, filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the application liberally because Mr. Harvey is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Harvey will be ordered to file an amended application.

The Court has reviewed the application and finds that it is deficient. Mr. Harvey fails to assert claims that comply with Rule 8 of the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); **Browder v. Director, Dep't of Corrections**, 434 U.S. 257, 269 (1978); **Ewing v. Rodgers**, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

The application is verbose and confusing, and does not appear to assert constitutional claims. For instance, as his second claim, Mr. Harvey asserts "[w]e are the Mooronia American Nation al-Ahzab Al-Saffat Supreme Law - see treaty with the Moors a perpetual treaty 1786." Application at 7. As his third claim, Mr. Harvey asserts "[h]ow the word Black can find no formal place within the nationalities of the human family and can be made a citizen of any free national constitutional government (cant)?" *Id.* Mr. Harvey fails to articulate how his constitutional or federal statutory rights were or are being violated in a manner that is remediable in federal habeas corpus.

The Court is not responsible for reviewing any attached documents submitted by Mr. Harvey to determine what claims and specific facts he intends to raise in this action. Mr. Harvey also is advised that § 2254 provides a remedy only for violations of the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

2

Furthermore, pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts, Mr. Harvey must "specify all [available] grounds for relief" and he must "state the facts supporting each ground." The habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). Naked allegations of constitutional violations are not cognizable under § 2254. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Although Mr. Harvey's application fails to comply with Fed. R. Civ. P. 8, Mr. Harvey will be given an opportunity to file an amended application that alleges clearly on the Court-approved form both the claims he seeks to raise and the specific facts to support each asserted claim. Accordingly, it is

ORDERED that Applicant, Steven L. Harvey, file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order. It is

FURTHER ORDERED that Mr. Harvey shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Harvey fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without prejudice and without further notice.

DATED September 2, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-02014-BNB

Steven L Harvey
Prisoner No. 1059061
Jefferson County Detention Center
PO Box 16700
Golden, CO 80402

     I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on September 2, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk